BOUTALL, Judge.
In this Workmen’s Compensation suit judgment was rendered in favor of the employee decreeing him partially disabled and awarding benefits. The employer appealed and the employee also appealed.
Thomas Powell, Sr., was an employee of the defendant, Johns-Manville Sales Corporation for thirty-nine years doing various jobs involving labor. About April 10, 1980, he was examined and found to be suffering from asbestosis. At this time he was working as a forklift operator, and was experiencing shortness of breath, tiredness and pain in his joints. By June 3, 1980, he determined that he could no longer work, and made demand against his employer for Workmen’s Compensation benefits. A trial resulted in a finding that Powell had contracted asbestosis and he was decreed partially disabled within the intendment of L.R.S. 23:1221(3) and entitled to benefits not beyond the maximum of 450 weeks. The judgment also granted attorney’s fees of $3,500.00, but did not grant the twelve percent penalty provided in L.R.S. 23:1201.-2.
The employer took a suspensive appeal from this judgment, but after the record was lodged in this court, it abandoned that portion of the appeal relating to the disability benefits and paid those benefits up to date at the time of abandonment. Thus, the only issue posed by defendant’s appeal is the award of attorney’s fees. The trial judge in his reasons for judgment concluded that the evidence did not support a finding that the employer withheld benefits and medical expenses arbitrarily, capriciously and without probable cause, referring to L.R.S. 23:1201.2 and the case of Gauthier v. Employers National Insurance Company, 316 So.2d 769 (La.App. 1st Cir. 1975). The judge then concluded that plaintiff was not entitled to a penalty but then further concluded that an award of $3,500.00 for attorney’s fees should be made. We point out that both the twelve percent penalty and attorney’s fees come within the provisions of L.R.S. 23:1201.2 and result from the same cause. Either plaintiff is entitled to both or he is entitled to neither.
*310 We have examined the record to determine the correctness of the judge’s finding that the employer did not withhold benefits arbitrarily, capriciously and without probable cause and we conclude that this finding is correct. There is a direct dispute in the medical evidence relating to this man’s condition and his ability to perform work and we agree with the trial judge’s conclusions. Accordingly, the award of attorney’s fees must be vacated and set aside.
Plaintiff contends that even though he may not be entitled to the penalties based on initial refusal to pay, that nevertheless he is now entitled to the penalties because the defendant abandoned its appeal on the issue of disability, arguing that we should extend the principles in Chivoletto v. Johns-Manville Corporation, 330 So.2d 295 (La., 1976) to this case. We point out that the procedural sequence upon which that case was decided is entirely different than the procedural sequence upon which this case comes before us. In that case there was no timely application for writs to review the judgment of the Court of Appeal and accordingly it became final thus establishing plaintiff’s rights to a legal certainty. Withholding payment of compensation thereafter became arbitrary and capricious entitling plaintiff to the penalties prescribed.
In the instant case the defendant timely took a suspensive appeal, and later during that appeal decided to abandon the issue of disability. At the same time that it made the decision of abandonment, it paid all of the benefits to date. Had the defendant-appellant made its decision to abandon, yet not pay the benefits thereafter, then it would seem the principles of Chivoletto would apply. However, in this case, the appellant has complied with the requirements of Chivoletto by immediate payment and that case is not applicable. We point out that the defendant is granted a right to a suspensive appeal, and is entitled to exercise that right. If we should penalize him for abandoning a portion of that right and paying the judgment, we would effectively prevent any appellant from ever settling his appeal, while at the same time requiring that we examine into the motive of every litigant who may appeal. The legislature has granted him an absolute right to a suspensive appeal, and this court should not attempt to limit that right.
The plaintiff has also filed an appeal in this case contending that he is entitled to a judgment decreeing permanent total disability under the provisions of L.R.S. 23:1221(2).
There is no issue raised in this case as to whether or not plaintiff has asbestosis. This is not ohly established by the facts of the case, but is now conceded by the defendant. The issue is narrowed to the extent of the disability of plaintiff. Powell had complained of shortness of breath and pains in his joints for some time and had been treated by his family physician. In April of 1980, he was referred to Dr. Morton Brown whose examinations revealed that Powell was suffering from asbestosis, due to having ingested large amounts of asbestos fiber during his long work period with Johns-Manville. Dr. Brown admitted Powell to West Jefferson Hospital in May for a series of tests, and based upon the results of those tests concluded that he was going to consider him not disabled and he should continue working, remarking that further evaluation as to Powell’s ability to work would be made on an out-patient basis. Powell returned to work as a forklift operator for several weeks, and in July, 1980, felt that he could no longer continue to work. Using the clinical approach, Dr. Brown then concluded that Powell was unable to work as a forklift operator and could not work as a general laborer involving walking, lifting and climbing. We further note that in his explanation as to why he quit work, plaintiff complained not only of his shortness of breath and tiredness but also complained of pain in his joints and particularly his arms when he attempted to turn the wheel of the forklift. Dr. Brown’s opinion was that Powell was suffering also from rheumatoid arthritis resulting from his exposure to asbestos fibers and the asbestosis condition, along with silicosis resulting from exposure to silica and dust.
*311 In opposition to this evidence, the defendant presented as a witness Dr. Hans Weill, who also examined plaintiff in relation to his symptoms. Although Dr. Weill agreed with Dr. Brown that plaintiff was suffering from asbestosis, he concluded that the extent of disability was not nearly as great as Dr. Brown had stated, and that Powell could work, although he had some limitations. The doctor compared in detail his findings on the various tests with the findings on tests previously administered at West Jefferson Hospital, as well as x-rays taken by other doctors. He concluded that Powell’s impairment of physical function was minimal and that he had a capacity which was considered at the low level of normal. Dr. Weill further stated that although some medical experts consider that there may be a relationship between asbestosis or exposure to asbestos fibers and development of rheumatoid arthritis, that in his opinion there was no association between them. He found no evidence of silicosis occurring in Powell.
It is apparent in his reasons for judgment that the trial judge gave long and serious consideration to the evidence presented by both doctors as well as the other evidence and testimony relating to Powell’s condition. After discussing the medical evidence, he found that the evidence amply supported diagnosis of asbestosis, however, the evidence was lacking to convince him that Powell was also suffering from silicosis. Although the judge made no finding as to the condition of arthritis and its relationship to the asbestosis, we conclude that the evidence is similarly lacking to show a correlation of work related problems to that condition.
Based upon all of the evidence the judge concluded that plaintiff was partially disabled because he cannot perform the duties of a laborer, which position he held with defendant for thirty-nine years. We find no error in this conclusion. It is apparent from the testimony of Dr. Weill that there are some limitations upon this man and the best he can. do is function at the low level of normal. Such a condition imposed upon a laborer convinces us that the trial judge is correct in finding that this man is unable to perform those arduous duties within the provisions of the Workmen’s Compensation laws. At the same time, we are equally convinced that this man is able to perform less arduous tasks and is not totally disabled.
We are concerned that this man’s condition may worsen in the future, because the nature of the disease of asbestosis is defined as a slow gradual development over a period of years which normally worsens with time. We have considered that a workman such as Powell may be considered disabled within the “odd lot” doctrine as stated in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), however, the evidence of disability of this man is not such as to require us to apply that principle here. The evidence of the extent of his disability at this time is not that great so as to lead us to believe that he cannot perform work of some reasonable character within' his abilities. His situation is similar to that considered in Schouest v. J. Ray McDermott & Co., 411 So.2d 1042, (La.1982). Accordingly, we agree with the conclusions of the trial judge.
There remains only one other matter. The judgment rendered, although specifying that the partial disability is as provided in LRS 23:1221(3) simply computed the benefits at $128.00 per week so long as plaintiff’s disability continues not beyond a maximum of 450 weeks. The benefits under that section are modified by wages that may be later actually earned. In order to clarify the decree we amend it to add that the benefits shall be paid in accordance with LRS 23:1221(3).
For the reasons assigned, that portion of the judgment in favor of Thomas Powell, Sr., awarding attorney’s fees in the amount of $3,500.00 is reversed and set aside. That portion of the judgment awarding the weekly benefits is amended to add at the end: “The benefits shall be paid in accordance with LRS 23:1221(3).” As thus amended, the remainder of the judgment is affirmed. Costs in both courts to be paid *312 by Johns-Manville Sales Corporation a/k/a Johns-Manville Products Corporation.
REVERSED IN PART, AFFIRMED IN PART.